UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                     Case No. 08-cr-12-bbc

STEVEN M. SKOIEN,

    *Defendant*.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER MOTION TO DISMISS INDICTMENT**

The Defendant, Steven M. Skoien, through counsel, hereby submits this brief in support of Defendant's Motion to Reconsider Motion to Dismiss Indictment.

**I.**    *Background*

Skoien is charged in a one-count Indictment with possessing a firearm after being convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §922(g)(9).[1] As explained more fully below, as applied to the facts of this case, that statute is now unconstitutional.

---

[1] After the Court initially denied his Motion to Dismiss, Skoien pled guilty pursuant to a conditional plea agreement in which he reserved his right to appeal the Motion to Dismiss. Because the law has changed with regard to that Motion, as detailed below, Skoien now moves the Court to reconsider its prior ruling denying that motion.

At the time Skoien originally filed his Motion to Dismiss, Seventh Circuit precedent foreclosed his argument that 18 U.S.C. § 922(g)(9) violates the Second Amendment.  *See Gillespie v. City of Indianapolis*, 185 F.3d 693, 710-12 (7th Cir. 1999), (holding that the Second Amendment does not protect an individual right to bear arms but rather, applies only to the extent necessary to allow service in the militia); *United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003) (same).  Since that time, however, the Supreme Court has recognized that the Second Amendment protects an individual's right to possess a firearm unconnected with service in a militia, and to use that firearm for traditionally lawful purposes.  *District of Columbia v. Heller*, 128 S. Ct 2783 (2008).  Because *Gillespie* and *Price* conflict with the holding of *Heller*, they are no longer good law.  This Court, therefore, must now decide Skoien's Motion to Dismiss anew, without relying on those previous cases.

II.    *The Logic of Heller Compels Dismissal of the Indictment against Skoien*

Skoien's Motion is now controlled by *Heller*, in which the Supreme Court held that the Second Amendment protects an individual's right to possess firearms unconnected with service in a militia as long as the firearm is possessed for a lawful purpose.[2]  The Court noted that not all guns are protected by the Second Amendment; rather, the only "sorts of weapons protected were those 'in common

---

[2]  *Heller* specifically dealt with the right to possess handguns in the home for self-defense. The Court's holding, however, was not limited just to that fact scenario.  Nothing in the opinion suggests that it should not apply equally to the possession of hunting rifles for the lawful purpose of hunting.

use at the time' [the Second Amendment was ratified]." *Heller*, 128 S. Ct. at 2817. Accordingly, the Court struck down the District of Columbia's handgun ban because it was too broad, extending to "an entire class of 'arms' that is overwhelmingly chosen by American society for [the] lawful purpose [of self-defense]." *Id.*

That same logic applies in the instant case. Skoien was prosecuted based on a hunting gun found during a search of his home. *See* PSR at ¶ 4 (noting that "the government emphasized that the defendant was pleading [only] to possession of the Winchester Model 120, 12-gauge shotgun"). That is clearly an "arm" that is overwhelmingly chosen by American society for [the] lawful purpose [of hunting]." Skoien is an avid hunter. He possessed a shotgun for hunting. Hunting rifles and shotguns are most certainly within the class of weapons that were in common use at the time the Second Amendment was ratified. His possession of that weapon is, therefore, protected by the Second Amendment.

Recognizing an individual right to bear arms, is not the end of the inquiry. As with all rights, Skoien concedes that this right is not unlimited. The Supreme Court in *Heller* has left it to the lower courts to determine the contours of this newly-recognized right. The first step toward that determination, is to identify what constitutional standard of review should apply. Although the majority in *Heller* did not determine specifically what standard should apply, it did note that:

> Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family," would fail constitutional muster.

*Heller*, 128 S. Ct. at 2817-18. Although pre-dating *Heller*, the Seventh Circuit has previously noted in ruling on the constitutionality of a firearms ordinance, that, if such a law impinges upon the exercise of a fundamental personal right, then courts may uphold the classification only if it is "precisely tailored to serve a compelling governmental interest." *Sklar v. Byrne,* 727 F. 2d 633 (7th Cir. 1984), *citing Plyler v. Doe,* 457 U.S. 202, 102 S. Ct. 2382 (1982). Because the Supreme Court has now recognized that the right to bear arms is a personal right, the government must establish that prohibiting Skoien from possessing a hunting shotgun "is precisely tailored to serve a compelling governmental interest." It cannot do so.

Simply banning all people convicted of domestic violence misdemeanors from possessing any type of firearm for any purpose, as 18 U.S.C. § 922(g)(9) does, can not withstand constitutional muster without the required showing. Upon being convicted of domestic battery, Skoien did not universally lose all of his rights under the First, Fourth, Fifth or Sixth Amendments, just to name a few, for all times. Clearly, there are limits to the rights protected by each of these enumerated Amendments. When enacting legislation that infringes on those rights, however, the government must demonstrate a compelling need to do so and that the legislation

at issue is narrowly tailored to meet that need. Likewise with § 922(g)(9) and the Second Amendment right to bear arms.

It appears that the issue raised in this Motion presents an issue of first impression. Counsel's research has revealed no appellate opinions from any Circuit to consider the constitutionality of any federal gun statutes since *Heller*. Although, as catalogued below, several district courts have considered *Heller*'s effect on gun laws, none of those cases address the precise issue raised here.

### A. Third Circuit

In *United States v. Lewis*, 2008 WL 2625633 (D.V.I. July 3, 2008), the defendant was charged with possessing a firearm with an obliterated serial number in violation of Section 922(k). In rejecting the generic and unsubstantiated Second Amendment claim, the court relied exclusively on *United States v. Rybar* 103 F. 3d 273 (3rd Cir. 1996) and *United States v. Willaman*, 437 F.3d 354 (3d Cir. 2006), *cert denied*, 547 U.S. 1208 (2006), which held that "the Second Amendment furnishes no absolute right to firearms" and denied *Lewis'* motion.

Similarly, in *United States v. Walters*, 2008 WL 2740398 (D.V.I. July 15, 2008), the same judge used the same analysis employed in *Lewis* to dispose of a motion to dismiss an indictment charging the possession of a firearm within 1,000 feet of a school zone under Section 922(g)(2)(A).

FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.

B.  **Fourth Circuit**

In *Mullenix v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 2008 WL 2620175 (E.D.N.C. July 2, 2008), the plaintiff, a federally licensed firearms dealer, alleged that the ATF arbitrarily denied him permission to import a reproduction of a World War II-era German machine gun.  At issue in that case was 18 U.S.C. § 925(d), which provides that certain types of firearms may be imported into the United States.  Among those are firearms "generally recognized as particularly suitable for or readily adaptable to sporting purposes." § 925(d)(3).  Under section 925(d), a firearm may be conditionally imported into the United States for the purpose of determining whether it qualifies as any of the types of importable firearms listed in section 925.

In rejecting Mullenix's contention that he had a Second Amendment right to import a machine gun, the district court construed *United States v. Miller,* 307 U.S. 174 (1939) to hold that "the Second Amendment right, whatever its nature, extends only to certain types of weapons."  2008 WL 2620175 at *27.  Similarly, the court found it a "startling reading" of *Miller* to suggest "that the National Firearms Act's restrictions on machine guns . . . might be unconstitutional" *Id.* at *28.  Finally, the court reiterated that "the right [protected by the Second Amendment is] not a right

to keep and carry any weapon whatsoever . . . ." *Id.* Accordingly, in light of *Heller,* the court rejected plaintiff's challenge to section 925.

### C.      Fifth Circuit

In *United States v. Dorosan*, 2008 WL 2622996(E.D. La. June 30, 2008), the court considered the constitutionality of a federal regulation prohibiting the possession of firearms on postal service property.  Dorosan, a postal worker, had been convicted of violating that regulation because he had a gun in the glove compartment of his car, which was parked in the post office parking lot. Title 39, Code of Federal Regulations, Section 232.1(l) prohibits knowingly storing a weapon on postal property without official purpose. The district court, relying on *Heller*, ruled that this regulation was not unconstitutional as applied.  The court noted that "*Heller . . .,* [did not] involve[] gun control regulations banning possession of "arms" on federal property." *Id.* at *18.

All of the preceding cases are easily distinguishable from the instant case.  All of those cases were seeking to expand the holding of *Heller*.  Skoien, on the other hand, is simply asking this Court to apply *Heller*'s holding.  In *Heller*, the Court clearly contemplated possession of the type of weapon at issue here by an individual like Skoien.  He did not possess a particularly unusual firearm.  He did not possess

the firearms within sensitive areas.  Skoien is not a felon.  Skoien possessed lawful firearms in a lawful manner for a lawful purpose.

**III.**   *Conclusion*

Skoien seeks the dismissal of the indictment because his prosecution on the facts presented here contravenes the protections he – like all Americans – have under the Second Amendment.  Skoien's position is consistent with the narrow construction of *Heller*.  Skoien did not use the firearm for a nefarious purpose.  Nor did Skoien possess a non-traditional firearm, such as a machine gun.  Skoien possessed a common shotgun, which he possessed for nothing other than hunting.

As limited as current precedent is, it protects Skoien's right to possess the firearms at issue.  The Indictment should, therefore, be dismissed because, as applied to Skoien under the facts of this case, 18 U.S.C. § 922(g)(9) is unconstitutional.

Dated at Madison, Wisconsin August 4, 2008.

>Respectfully submitted,
>STEVEN SKOIEN, *Defendant*
>
> */s/ Michael W. Lieberman*
>Michael W. Lieberman
>Erika L. Bierma

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
222 West Washington Avenue, Suite 300
Madison, WI 53703
Tel: 608-260-9900
Fax: 608-260-9901
michael_lieberman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to Assistant United States Attorney Timothy O'Shea, this 4th day of August, 2008.

> */s/ Michael W. Lieberman*
>Michael W. Lieberman