IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN M. SKOIEN,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 08-CR-12-C<br>)<br>)<br>)<br>) |

GOVERNMENT'S RESPONSE TO SKOIEN'S MOTION TO DISMISS
THE INDICTMENT

1. Introduction

Steven Skoien (Skoien) has moved to dismiss an indictment charging him with possessing firearms after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). According to Skoien, the charge violates his Second Amendment right to bear arms, as recently construed in *District of Columbia v. Heller,* 128 S. Ct. 2783 (2008). Skoien reads *Heller* too broadly and his arguments are meritless.

2. Applicable Law and Analysis

In *Heller*, the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a firearm for lawful purposes, such as self-defense within his home. In so doing, the Court held unconstitutional two District of Columbia statutes to the extent that they entirely banned handgun possession in the home and required all firearms within homes to be to kept inoperable–and thus

unavailable for self defense–at all times. At the same time, however, the Supreme Court made clear that "the right secured by the Second Amendment is not unlimited." *Heller*, 128 S. Ct. at 2816. The Court emphasized that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ." Id. at 2816-17. The Court intended its identification of such "presumptively lawful regulatory measures only as examples," not as an exhaustive list. Id. at 2817 n. 26. Thus, like other constitutional rights, the individual right protected by the Second Amendment is subject to appropriate reasonable restrictions.

Title 18, United States Code, Section 922(g)(9) provides one such appropriate reasonable narrowly-tailored restriction on an individual's right to possess firearms. That section serves to prohibit firearms possession by a person, like Skoien, who has been convicted of a "misdemeanor crime of domestic violence," as that term is defined in 18 U.S.C. § 921(a)(33)(A). Under that definition, a "misdemeanor crime of violence" is an offense, committed by a person in a domestic relationship with the victim, that "is a misdemeanor" and that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(i) and (ii). Skoien does not deny that he has been convicted of such an offense.

Congress enacted Section 922(g)(9) to supplement the federal felon-in-possession law, 18 U.S.C. § 922(g)(1), based on the recognition that "many people who engage in

2

serious spousal or child abuse ultimately are not charged with or convicted of felonies," but "are, at most, convicted of a misdemeanor." 142 Cong. Rec. 22,985 (1996) (statement of Sen. Lautenberg). Sen. Lautenberg continued, "Domestic violence, no matter how it is labeled, leads to more domestic violence. And guns in the hand[s] of convicted spouse abusers lead to death." Id. at 26,674. Section 922(g)(9) was designed to "close this dangerous loophole and keep guns away from violent individuals who threaten their own families." Id. at 22,986. Section 922(g)(9) does so by prohibiting gun possession by persons who have been convicted of a crime involving the use of force against a current or former spouse, child, or other intimate.

The *Heller* Court's explicit recognition that felons may be barred from possessing a firearm (128 S. Ct. at 2816-17), reflects an understanding that, while the right to keep and bear arms is individual in nature, a person may forfeit that right (just as he may forfeit his individual right to vote and even to his personal liberty) through the commission of serious criminal conduct. In enacting Section 922(g)(9), Congress permissibly concluded that a narrow additional range of additional serious criminal offenses should likewise result in the forfeiture of the right to possess a firearm, even though the offenses are defined as misdemeanors under applicable law. That conclusion is entirely appropriate. Congress reasonably determined that persons like Skoien–who have committed violent crimes in domestic settings–should not possess firearms.

Before *Heller*, courts upheld the restrictions imposed by Section 922(g)(9) in the face of Second Amendment challenges, but did so without assuming the existence of an

3

individual personal Second Amendment right to bear arms. Nevertheless, those cases do not suggest that the courts would have reached a different result under *Heller*. Notably, in *Gillespie v. City of Indianapolis*, 185 F.3d 693 (7th Cir. 1999), cert. denied, 528 U.S. 1116 (2000), the Seventh Circuit affirmed the denial of a plaintiff's challenge to a Section 922(g)(9) prohibition, noting that the district court "was confident that the statute would survive even strict scrutiny" if the Second Amendment bestowed rights on the plaintiff "as an individual." Id. at 699. The Seventh Circuit added that "[c]onstitutionally speaking, there is nothing remarkable about the extension of federal firearms disabilities to persons convicted of misdemeanors, as opposed to felonies." Id. at 706. The Seventh Circuit continued that it "would not be irrational for Congress to conclude that these individuals [persons convicted of domestic abuse] pose the most acute danger of turning a gun on a family member." Id. at 709 (citation omitted).

While the circuits that rejected pre-*Heller* Second Amendment challenges to prosecutions under Section 922(g)(9) assumed that the Second Amendment does not establish an individual's personal right unrelated to the maintenance of a militia, those courts did not imply that an individual's personal Second Amendment right would have led to a different result. E.g., *United States v. Pfeifer*, 371 F.3d 430, 438 (8th Cir. 2004); *United States v. Hancock*, 231 F.3d 557, 565-66 (9th Cir. 2000), cert. denied, 532 U.S. 989 (2001).

The firearm prohibition within Section 922(g)(9) readily survives Heller. In Section 922(g)(9), Congress addressed a particularly dangerous type of misdemeanor,

4

concluding that persons convicted of such violent misdemeanors posed an unacceptable risk of future violence.  Prohibiting the possession of firearms by such individuals readily falls within the ambit of presumptively lawful regulatory measures recognized in *Heller*. 128 S. Ct. at 2817 n. 26.  *See also United States v. Emerson*, 270 F.3d 203, 226 n.21 (5th Cir. 2001) (noting that Second Amendment provides no right to "violent criminals" to carry firearms.).

    Based on the foregoing, Skoien's motion to dismiss should be denied.

    Dated this 8th day of August 2008.

                                        Respectfully submitted,

                                        ERIK C. PETERSON
                                        United States Attorney

                                        By:   /s/

                                        TIMOTHY M. O'SHEA
                                        Assistant United States Attorney