UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                                      Case No.  08-cr-12-bbc

STEVEN M. SKOIEN,

    *Defendant.*

---

### REPLY BRIEF IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS INDICTMENT

The Defendant, Steven M. Skoien, through counsel, previously filed a Motion to Dismiss the Indictment in this matter. He now submits this reply brief in support thereof.

In his opening brief, Skoien argued that the Supreme Court's recent decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) has rendered 18 U.S.C. § 922(g)(9) unconstitutional, at least as applied to Skoien, because it violates his fundamental right to bear arms under the Second Amendment. In summary, Skoien's argument is that, because the Supreme Court has now recognized that the Second Amendment protects an individual right to bear arms, the government may not infringe on that right unless it satisfies the applicable constitutional standard of

review. *See* Def. Brief at 3-5. Specifically as it applies here, that standard requires that any law infringing the right to bear arms must be "precisely tailored to serve a compelling government interest." *Sklar v. Byrne,* 727 F. 2d 633 (7th Cir. 1984), *citing Plyler v. Doe,* 457 U.S. 202, 102 S. Ct. 2382 (1982). The government's arguments in opposition to this Motion are unpersuasive.

The government asserts that Skoien "reads *Heller* too broadly." Gov't Brief at 1. In support of that assertion, the government relies heavily on dicta in *Heller* that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ." Gov't Brief at 2, *quoting Heller*, 128 S. Ct. at 2816-17. As correctly noted by the government, the Court intended this list of "presumptively lawful regulatory measures only as examples," rather than an exhaustive list. Gov't Brief at 2, *quoting Heller*, 128 S. Ct. at 2817 n. 26. The government places too much weight on this language from *Heller*.

As an initial matter, none of these "presumptively lawful regulatory measures" was before the Court in *Heller*. Thus, the Court was not ruling on the constitutionality of any of those measures.[1] In fact, the Court noted that it was not

---

[1] Indeed, the four Justices who dissented noted that the majority provides no basis for suggesting that these measures would survive Second Amendment scrutiny. *Heller*, 128 S. Ct. at 2869-70 (Breyer, J. dissenting, joined by Stevens, Souter and Ginsburg, JJ.)

"undertak[ing] an exhaustive historical analysis . . . of the full scope of the Second Amendment." *Id.* at 2816. The Court therefore observed that the specific contours of the Second Amendment will be decided over time as the Court has the opportunity to review the constitutionality of various statutes. As noted:

> since this case represents this Court's first in-depth examination of the Second Amendment, one should not expect it to clarify the entire field, any more than *Reynolds v. United States*, 98 U.S. 145 (1879), our first in-depth Free Exercise Clause case, left that area in a state of utter certainty. And there will be time enough to expound upon the historical justifications for the exceptions we have mentioned if and when those exceptions come before us.

*Id.* at 2821. Contrary to the position taken by the government, *Heller* did not "explicit[ly] recogni[ze] that felons may be barred from possessing a firearm." Gov't Brief at 3. Even less did the Court recognize that misdemeanants like Skoien can be so barred.

Moreover, even to the extent that the language relied upon by the government can be given any weight, the Court merely noted that the provisions listed were "presumptively" lawful. It certainly did not hold conclusively that those provisions were lawful. In fact, Skoien suggests that the Court intimated just the opposite:

> Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family," would fail constitutional muster.

*Heller*, 128 S. Ct. at 2817-18.

Skoien readily acknowledges that the right to bear arms, like all individual constitutional rights, is not unlimited. The government, however, must demonstrate a compelling need before infringing on that right and then do so only in a precisely tailored manner. While it undoubtedly is true that some people convicted of misdemeanor domestic violence offenses "pose an unacceptable risk of future violence," as noted by the government, Gov't Brief at 4-5, it can not constitutionally be assumed that all such people do. As applied to Skoien and the facts of this case, it can not be said that Skoien's possession of a hunting rifle for the exclusive purpose of hunting deer poses any risk of violence to anybody. Barring all domestic violence misdemeanants from possessing all firearms for any reason is not "precisely tailored to serve a compelling government interest."

The Court should grant Skoien's motion and dismiss the indictment against him.

Dated at Madison, Wisconsin August 22, 2008.

                                        Respectfully submitted,
                                        STEVEN SKOIEN, *Defendant*

                                        */s/ Michael W. Lieberman*
                                        Michael W. Lieberman
                                        Erika L. Bierma

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
222 West Washington Avenue, Suite 300
Madison, WI 53703
Tel: 608-260-9900
Fax: 608-260-9901
michael_lieberman@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to Assistant United States Attorney Timothy O'Shea, this 22nd day of August, 2008.

                                        */s/ Michael W. Lieberman*
                                        Michael W. Lieberman

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.