IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          OPINION AND ORDER

              Plaintiff,

                                                          08-cr-12-bbc

     v.

STEVEN M. SKOIEN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Steven M. Skoien has moved to dismiss the indictment against him on the ground that 18 U.S.C. § 922(g)(9) violates the Second Amendment to the Constitution of the United States.  Defendant is charged in a one-count indictment with possessing three firearms after having been convicted of a misdemeanor crime of violence, in violation of § 922(g)(9).

       Defendant acknowledges that the Court of Appeals for the Seventh Circuit has upheld the constitutionality of § 922(g)(9), but he believes that the recent opinion of the Supreme Court of the United States in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), casts doubt on the continued viability of the Seventh Circuit case law.  The government denies that defendant has any ground for his argument.

1

In <u>Heller</u>, the Court held that the Second Amendment's right to bear arms protects an individual right to possess and carry weapons in case of confrontation. <u>Id.</u> at 2797. The Court did not address the constitutionality of § 922(g)(9), but the majority made a point of saying that its opinion was not intended to suggest that *all* gun laws and firearms restrictions are unconstitutional. <u>Id.</u>, at 2816-17 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . ."). Defendant contends that it would be wrong to read this statement as a conclusive ruling that all prohibitions on arms possession by felons or the mentally ill were constitutional and even more erroneous to conclude that § 922(g)(9)'s prohibition is valid. At the least, he argues, <u>Heller</u> requires courts to examine any prohibition on gun possession to determine whether it is precisely tailored to serve a compelling governmental interest. <u>Sklar v. Byrne</u>, 727 F.2d 633 (7th Cir. 1984) ("if the legislative classification impinges upon the exercise of a fundamental personal right," it must be precisely tailored to serve compelling governmental interest).

Defendant may be correct about the standard to apply to any legislative effort to restrict firearms possession, but I need not take up the issue in this case. Even assuming that the highest standard applies, as defendant proposes, § 922(g)(9) passes muster. It is narrowly tailored: it applies only to persons who have been found guilty by a court of domestic violence. These persons have shown that it is they and not any outside intruders

2

that pose the greater danger to their families. The government has a compelling interest in protecting the families of such persons. The fact that the firearm defendant was charged with possessing was a hunting rifle does not change this analysis.

As the government notes in its brief, the Court's statement about "longstanding prohibitions on arms possession by felons" is an explicit recognition of the fact that persons may forfeit their Second Amendment right to bear arms along with other rights when they commit serious crimes. Congress has made the judgment that one of those "serious crimes" is domestic violence serious enough to result in a misdemeanor conviction.

In any event, until either the Court of Appeals for the Seventh Circuit or the Supreme Court rules specifically to the contrary, § 922(g)(9) is constitutional in this circuit. Gillespie v. City of Indianapolis, 185 F.3d 693 (7th Cir. 1999). This is so despite the fact that the court of appeals based its opinion in part on its understanding of the Second Amendment's recognition of the right to bear arms is a collective right, citing United States v. Miller, 307 U.S. 174 (1939), for this proposition. Although the Supreme Court has now made it clear that Miller is no longer good law, the court of appeals' ultimate decision in Gillespie is still binding on the district courts in this circuit. I agree with the district court's prediction in the Gillespie case that § 922(g)(9)'s ban would survive in any event whether the right to bear arms is a collective or individual right. Gillespie, 185 F.3d at 699. As the court of appeals said, "[c]onstitutionally speaking, there is nothing remarkable about the extension of federal

3

firearms disabilities to persons convicted of misdemeanors, as opposed to felonies." Gillespie. 185 F.3d at 706. This conclusion is bolstered by the decision in United States v. Price, 328 F.3d 958, 961 (7th Cir. 2003) (acknowledging decision by Court of Appeals for Fifth Circuit holding that right to bear arms is individual right but upholding constitutionality of 18 U.S.C. § 922(g)(8) (restricting firearms possession by persons under court ordered restraint from harassing, stalking or threatening intimate partner) and concluding that § 922(g)(1) is constitutional).

ORDER

IT IS ORDERED that defendant Steven M. Skoien's motion to dismiss the indictment against him as unconstitutional under the Second Amendment to the United States Constitution is DENIED.

Entered this 27th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge