UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                              Case No. 08-cr-12-bbc

STEVEN M. SKOIEN,

    *Defendant.*

---

### DEFENDANT'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY[1]

The Defendant, STEVEN SKOIEN, by counsel, hereby moves the Court to enter an order directing his immediate release from the custody of the Bureau of Prisons and placing him back on the same release conditions he was on prior to reporting to serve his sentence. As grounds for this motion, Skoien states as follows:

*Background*

Skoien was indicted in this Court on January 30, 2008, with possessing a firearm after having been convicted of a misdemeanor crime of domestic violence,

---

[1] Although the Seventh Circuit's mandate has not yet issued in this case, Skoien believes this release motion should be filed in the district court. *See* SEVENTH CIRCUIT'S PRACTITIONER'S HANDBOOK at 43 ("The defendant should initially request release pending appeal or modification of conditions of release in the district court. That court's order may then be reviewed on motion in the pending appeal of the conviction to the court of appeals, pursuant to Fed. R. App. P. 9(b) and 18 U.S.C. § 3145.")

in violation of 18 U.S.C. § 922(g)(9). He was released on conditions at his initial appearance on February 14, 2008, and remained on those conditions without incident until his voluntary surrender to the Bureau of Prisons on July 28, 2009.

Skoien filed a motion to dismiss the indictment on the ground that § 922(g)(9) was unconstitutional as a result of the Supreme Court's ruling in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008). After the Court denied that motion, Skoien entered a conditional guilty plea and was ultimately sentenced to 24 months in prison on that conviction. He surrendered to begin serving that sentence on July 28, 2009.

On November 18, 2009, the United States Court of Appeals for the Seventh Circuit vacated that conviction and remanded the case for further proceedings. Because Skoien's conviction has now been vacated, and because Skoien proved while on release leading up to his voluntary surrender that he is fully willing and able to comply with release conditions, we respectfully move the Court to enter an Order directing Skoien's immediate release from imprisonment pending further proceedings in this matter.

*Law and Argument*

As an initial matter, there is some question as to which statute applies to the instant motion. In conversations between counsel, the United States has opined that the Court should proceed under 18 U.S.C. § 3143(b), (release or detention pending appeal by the defendant). Skoien believes, since the court of appeals has

now vacated his conviction, it would be more appropriate to proceed under 18 U.S.C. § 3142, either because the vacation of his conviction results in the case starting anew or, by analogy, treating any further review in this case as if it were an appeal by the government. In the latter case, 18 U.S.C. § 3143(c) (release or detention pending appeal by the government), directs the court to operate under § 3142. Under either statute, release is appropriate.

Because the Court previously released Skoien under § 3142, and the government does not dispute that Skoien is releasable under that statute, counsel will analyze the case only under § 3143(b).

Under § 3143(b), an individual found guilty of an offense and sentenced to a term of imprisonment shall be detained unless the judicial officer finds:

    (a)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c) of this title; and

    (b)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -

        (i)    Reversal,

        (ii)    An order for a new trial,

        (iii)    A sentence that does not include a term of imprisonment, or

>  (iv) A reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

Therefore, in order to prevail, Skoien must establish by clear and convincing evidence that he is not likely to flee, that he does not pose a danger to the safety of any individual or of the community, and that his appeal raises a substantial question of law or fact. The record clearly supports each of these contentions.

As noted above, the Court has already found on a number of occasions that Skoien does not pose a risk of flight or danger. During the pendency of this case, he has fully complied with every one of his release conditions, appeared as required for every court hearing, and surrendered as required to begin serving his sentence. There is no reason at this time for the Court to reach a different conclusion than it already has reached several times regarding Skoien's risk of flight and danger.

Accordingly, the real issue in this motion is whether Skoien can satisfy the requirement of 18 U.S.C. § 3143(b)(1)(B). Skoien respectfully submits that the Seventh Circuit's opinion in this case has already answered the question.

Skoien's appeal clearly was not filed solely for purposes of delay and raises a substantial question that will likely result in reversal. A "substantial question" means a close question of law, or one that could be decided the other way. *See United States v. Bilanzich*, 772 F.2d 292, 298 (7th Cir. 1985). The district court need not

determine or predict the ultimate outcome of the appeal. *See id.* at 299-300. The Seventh Circuit has rejected a strict literal reading of the requirement found in 18 U.S.C. § 3143, that the substantial question of law will likely result in a different outcome. *See United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986). If the Court were to interpret the relief statute so as to require a judge to evaluate the defendant's chances of prevailing upon appeal as a basis to justify release, the trial judge would be placed in the illogical position of being required to find that her earlier decision is in conflict with what the appellate court would rule on the same issue. *See id.* at 588-90. Put differently, Skoien is not required to convince the Court that he ultimately will win, but rather, only that the question he raises could be decided in his favor. The Seventh Circuit has already answered that question in Skoien's favor.

Applying that standard here, there can be no real dispute that Skoien's appeal satisfies the statute. The Seventh Circuit has reversed this Court's ruling on his motion to dismiss and vacated his conviction pending further proceedings. For these reasons, the Court should grant this Motion and order his immediate release from custody on the same conditions he was previously on, pursuant to 18 U.S.C. § 3142 or § 3143(b).

Dated at Madison, Wisconsin November 23, 2009.

        Respectfully submitted,
        STEVEN M. SKOIEN, *Defendant*


        */s/ Michael W. Lieberman*
        Michael W. Lieberman, Bar #1059034

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
222 West Washington Avenue, Suite 300
Madison, WI 53703
Tel: 608-260-9900
Fax: 608-260-9901
michael_lieberman@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to Assistant United States Attorney Timothy O'Shea, this 23rd day of November, 2009.


        */s/ Michael W. Lieberman*
        Michael W. Lieberman