IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) |
| v. | ) ) ) Case No. 08-CR-12-BBC |
| STEVEN M. SKOIEN, | ) ) ) |
| Defendant. | ) ) ) |

GOVERNMENT'S RESPONSE TO DEFENDANT SKOIEN'S MOTION FOR
IMMEDIATE RELEASE FROM CUSTODY

I. Introduction

Defendant Steven Skoien filed a Motion for Release pending resolution of his case. (R. 58). Without conceding the merits on the ultimate issues,[1] under the unique procedural posture of this case, the government does not oppose Mr. Skoien's release.

Although the government does not oppose the motion, the United States makes

---

[1] There are at least four issues: (1) whether the Seventh Circuit correctly distinguished between the stated purposes for possessing a firearm--hunting versus self-protection--in determining the level of scrutiny to be applied in evaluating the firearm prohibition at 18 U.S.C. § 922(g)(9) for persons convicted of misdemeanor crimes of domestic violence; (2) whether the Seventh Circuit correctly found that the "intermediate scrutiny" standard applies in evaluating § 922(g)(9) when the appellant possessed a firearm for hunting; (3) whether the Seventh Circuit Court, having announced the "intermediate scrutiny" standard, correctly found that the government failed to meet its burden of showing a "reasonable fit" between its interest in reducing gun violence and § 922(g)(9); and (4) assuming that the November 18, 2009 remand stands, whether the government can show a "reasonable fit" between § 922(g)(9) and its goal of reducing domestic gun violence.

two brief points.

First, the government agrees that this Court has jurisdiction to entertain the motion for release. While jurisdiction over a case generally shifts to the appellate court once the notice of appeal is filed (*see United States v. Burton*, 543 F.3d 950, 952 (7th Cir. 2008), there are significant "carve outs" to that rule. The main one being that the district court is deprived of jurisdiction over only "those aspects of the case involved in the appeal." *Id.* (Further citation omitted). In footnote 1 above, the government describes the issues it believes are in dispute in either ongoing appellate or district court litigation. None of those issues relates to Mr. Skoien's custodial status. Further, although the Seventh Circuit has not recently addressed the issue, it seems that district courts retain ancillary jurisdiction over the custodial status of a defendant unless, of course, the defendant's status is the appellate issue. *See Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992)("[T]he district court retained some jurisdiction over the person of the defendant for the purposes of reviewing, altering or amending the conditions under which the Court released the defendant." (Quoting *United States v. Krzyske*, 857 F.2d 1089, 1091 (6th Cir. 1988)). It follows that the United States agrees that this Court can entertain the defendant's motion.

The second point is perhaps inferred from the preceding paragraph–that is, this office is conferring with the Criminal Appeals Division of the United States Department of Justice and the Solicitor General's Office concerning appellate options to include a possible petition for panel or en banc rehearing. The appellate litigation and the

2

litigation before this Court may take some time and, in our view, the equities tip toward releasing Mr. Skoien during that litigation.

   Dated this 25th Day of November, 2009.

            STEPHEN P. SINNOTT
            Acting United States Attorney

            By:

            _____/s/_____
            TIMOTHY O'SHEA
            Assistant United States Attorney