IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                         ORDER

                    Plaintiff,

                                                                        08-cr-12-bbc

    v.

STEVEN SKOIEN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On August 8, 2010, the government moved for defendant Steven Skoien's return to custody following the court of appeals' decision upholding his sentence. I granted the motion; defendant objected and asked for an opportunity to be heard. I vacated the order requiring defendant to report to an institution to complete service of his sentence.

       After reviewing defendant's brief and the government's reply, I am reinstating the order requiring defendant to return to custody in light of the almost non-existent possibility that the United States Supreme Court will hear the appeal from his conviction *and* reverse it. Not only are fewer than 1.2% of all petitions for writs of certiorari granted by the Supreme Court, but defendant's case seems an unlikely candidate for inclusion in that small group. First, it would be unusual, though not unheard of, for the Court to take up another

1

case involving the constitutionality of gun possession so soon after deciding McDonald v. City of Chicago, 130 S. Ct. 3020 (2010). Too many other issues are waiting for resolution.

Second, even if the Court wanted to continue refining the contours of the rights of gun owners, it is improbable that it would take up this case. As interesting as the question is of barring domestic violence misdemeanants from possessing guns, it seems improbable that the Court would grant certiorari in this particular case, in which defendant was charged, not with possession of a hand gun but with a hunting gun. Given the Court's emphasis on handguns in Heller v. District of Columbia, 128 S.Ct. 2783, 2818 (2008) (core lawful purpose of Second Amendment is ability of citizens to possess handgun for self defense and protection of home), and in McDonald, if it chose to hear any case like defendant's, it would not be one involving a hunting gun.

Third, all of the circuits to have considered this issue have refused to find it unconstitutional to prohibit domestic violence misdemeanants to possess guns. The one court to have adopted the reasoning of the panel in Skoien, 587 F.3d 803 (7th Cir. 2009), did not reverse the conviction at issue but sent the case back to the trial court for additional analysis. A circuit split is often a reason that the Supreme Court will choose to grant certiorari; the absence of one in this instance is another reason for denying the writ.

Defendant can satisfy three parts of the governing statute, 18 U.S.C. § 3143(b): he is not likely to flee, he does not pose a danger to any other person or the community and he

2

is not filing his petition for the purpose of delay. However, he cannot show that he raises a substantial question of law that is likely to result in reversal or any modification of his sentence in light of the near unanimity of the circuits on this issue and the nearly unanimous en banc decision of the court of appeals in this case. Accordingly, I will reinstate the order directing defendant to return to custody.

ORDER

IT IS ORDERED that defendant Steven M. Skoien is to report between 10:00 a.m. and 2:00 p.m. on September 16, 2010 to an institution to be designated by further court order. If defendant is unable to report to the designated institution, he is to voluntarily surrender to the U.S. Marshals Service, 120 North Henry St., Madison, Wisconsin, at the same date and time. Defendant remains subject to the release conditions imposed on by the United States Magistrate Judge on February 14, 2008.

Entered this 24th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge