IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Case No. 08-CR-12-BBC<br>) |
| STEVEN SKOIEN, | )<br>)<br>)<br>) |

GOVERNMENT'S BRIEF ON DEFENDANT'S RENEWED MOTION FOR RELEASE
PENDING RULING ON CERTIORARI PETITION

Defendant Steven Skoien has moved this Court for an order continuing his release pending a ruling on his petition for certiorari. (R. 84). As this Assistant indicated on January 14, 2011, Skoien essentially asks this Court to overrule the Seventh Circuit's September 1, 2010 decision upholding this Court's August 24, 2010 custody determination. The government respectfully submits that the "law of the case" doctrine applies and that no compelling reason requires that the prior rulings be revisited.

ABBREVIATED PROCEDURAL HISTORY

Although Skoien's presentence report was silent on the issue of a shoulder injury (PSR ¶ 79-83), he arrived at his October 24, 2008 sentencing wearing a sling.[1] (Sentencing transcript, p. 8). To give him time to seek medical treatment, the Court allowed Skoien until January 15, 2009 to report for his 24-month sentence. (Id., p. 17).

---

[1] The release decisions based on medical issues are legally distinct but are part of the relevant chronology.

Skoien successfully moved on three more occasions for continued release based on his shoulder. (R. 40, 46, & 50). Skoien eventually reported to FCI-Butner, an institution with medical facilities, on July 28, 2009, nine months after sentencing. (R. 56).

Skoien's appeal progressed during his period of rehabilitation and his initial confinement. On November 18, 2009, a panel of the Seventh Circuit vacated Skoien's conviction and remanded for further proceedings. *United States v. Skoien*, 587 F.3d 803 (7th Cir. 2009). Soon thereafter, this Court granted Skoien's motion for release without objection from the United States. (R. 60). On July 13, 2010, the Seventh Circuit, sitting en banc, affirmed Skoien's conviction. *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010).

On August 2, 2010, the government moved for an order directing Skoien to return to custody. (R. 63). Both parties briefed the issue. (Skoien, R. 69; government, R. 70). On August 24, 2010, this Court held "After reviewing defendant's brief and the government's reply, I am reinstating the order requiring defendant to return to custody in light of the almost nonexistent possibility that the United States Supreme Court will hear the appeal from his conviction *and* reverse it." (R. 71, p. 1)(emphasis in original). This Court noted that the one circuit court to have adopted the reasoning of the original panel in *Skoien*, 587 F.3d 803 (7th Cir. 2009), did not reverse the conviction but rather remanded the case to the trial court to develop the record and for additional analysis. The case to which this Court referred was *United States v. Chester*, 367 Fed. Appx. 392 (4th Cir. 2010). The Fourth Circuit has now published an opinion in the same case with

2

the same ultimate holding. *United States v. Chester*, ___F.3d ___ 2010 WL 5396069 (4th Cir. Dec. 30, 2010).

Skoien appealed this Court's detention decision. (R. 72). On September 1, 2010, the entire active Seventh Circuit bench–minus Judge Sykes and plus Senior Status Judge Bauer–held that "we do not think reversal by the Supreme Court is likely. A substantial majority of this court concluded that 18 U.S.C. § 922(g)(9) is compatible with the second amendment. It is not necessary to repeat the opinions and analysis. . . . The district court's order denying Skoien's application for continued release on bond therefore is affirmed." (R. 78, p. 2).

On September 12, 2010, Skoien requested a postponed report date so he could testify in a trial where his wife was accused of disorderly conduct and where Skoien was the victim. (R. 76). The request was granted and Skoien was directed to report to custody on September 30, 2010.

On September 21, 2010, nine days before he was to report to custody, Skoien presented at Dean Urgent Care concerning a shoulder issue resulting from pulling on shrubbery. (R. 79, attachment 1). Two status conferences were held, on October 12, 2010 (R. 80) and November 3, 2010 (R. 83); each time, the Court gave Skoien more time to obtain medical care. Before a third status conference scheduled for January 14, 2011, Skoien filed the motion at issue. (R. 84). The United States objected and the Court directed briefing.

ISSUES

There are three issues: (1) what effect does the September 1, 2010 Seventh Circuit order have on the defendant's motion–this question requires the parties to explore the "vertical" aspect of the "law of the case" doctrine; (2) what effect does this Court's August 24, 2010 decision have on the defendant's motion–this question requires the parties to explore the "merry-go-round" aspect of the "law of the case" doctrine where the same issue is twice presented to the district court; and (3) whether the legal landscape has changed such the earlier rulings are clearly erroneous.

ANALYSIS

*The "vertical" aspect of the law of the case doctrine.*

In the September 1, 2010 order of the Seventh Circuit, ten judges affirmed this Court's denial of Skoien's application for continued release. (R. 78). The Seventh Circuit has held that "once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." *United States v. Zamora-Mallari v. Mukasey*, 514 F.3d 679, 695 (7th Cir. 2008); *see also United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986) ("we hold that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it."); and *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) ("in terms of the dynamics between trial and appellate courts, the phrase 'law of the

4

case' signifies, in broad outline, that a decision of an appellate tribunal on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation in the *nisi prius* court, and thereafter on any further appeal."). It follows that Skoien's only option on his 18 U.S.C. § 3143(b)(1)(B) motion was further appellate litigation and that recycling the issue before the district court is not an option.

*The "merry-go-round" aspect of the law of the case doctrine.*

The Seventh Circuit has held that:

> [U]nder the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation. However, the doctrine 'authorizes such reconsideration [of a previous ruling in the same litigation] if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.' We have reiterated that the law of the case doctrine is a discretionary doctrine that does not limit the district court's power to reopen what has already been decided.

*United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (further citation omitted); s*ee also Gertz v. Robert Welch, Inc.*, 680 F.3d 527, 532 (7th Cir. 1982) ("the law of the case doctrine is a rule of practice, based on sound policy that, when an issue is litigated and decided that should be the end of the matter. . . . a court ordinarily will not reconsider its own decision made at an earlier stage of the trial or on a prior appeal, absent clear and convincing reasons to reexamine the prior ruling.") (further citation omitted).

While the merry-go-round metaphor successfully conveys the idea of the same issue being presented twice, it fails in that it may appear to disparage the defendant's argument. No offense is intended. While the government disagrees with the defendant, his arguments were not frivolous last August and they are not frivolous

5

now. However, it is fair to say that Skoien's current legal arguments are substantially recycled from his August 10, 2010 brief to this Court (compare R. 69, pp. 2-6, R. 84, pp. 4-7). Again, the arguments are fine: but the fact that Skoien was able to substantially repeat his earlier analysis supports the conclusion that this Court has previously addressed Skoien's § 3143(b) issue.

*Whether a compelling reason exists to disregard the law of the case doctrine.*

The final issue is whether a "compelling reason," such as a change in the law, exists to believe that this Court's earlier determination was in error. *See United States v. Harris*, 531 F.3d at 513. No such change has occurred. In August, when this Court first examined this issue, the Fourth Circuit's *Chester* case was the only decision opposing the en banc *Skoien* opinion. It remains the only case in opposition, now in published form, today.

Moreover, the published case contains a more lengthy analysis but has the same result. In the original unpublished *Chester* opinion, the Fourth Circuit vacated and remanded with directions for the government and Chester to develop the record for meaningful appellate review. In its now-published opinion, the Fourth Circuit again vacated and remanded for the parties to develop the record for appellate review. It is worth noting that Circuit Judge Davis begins his concurring opinion to the published *Chester* decision by observing "In light of the highly persuasive decision of the Seventh Circuit in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (en banc), (pet. for cert. pending), sustaining the constitutionality of 18 U.S.C. § 922(g)(9), the district court

should have no difficulty in concluding that the application of § 922(g)(9) to offenders such as Chester, passes Second Amendment scrutiny, exactly as district courts have already concluded." *United States v. Chester*, ____F.3d at ____ , 2010 WL 5396069 at *9 (Davis, J., concurring).

Importantly, nothing about the published *Chester* decision to vacate and remand affects this Court's Section 3143(b) analysis. Under Section 3143(b), Skoien must show that the Supreme Court is more likely than not to <u>reverse</u> his conviction. *See United States v. Bilanzich*, 772 F.2d 292, 298 (7th Cir. 1985). However, as with the *Skoien* panel opinion, Chester's conviction was not reversed but rather, his case was remanded to develop the appellate record. Thus, the published *Chester* opinion is not a change in the law requiring the Court to rethink its August 2010 determination that Skoien failed to show "that he raises a substantial question of law that is likely to result in reversal . . ." (R. 71, p. 3).

Based on the reasons described above, the defendant's Section 3143(b) motion should be denied. Skoien should continue to rehabilitate his shoulder and prepare to return to custody at the end of February 2011.

Respectfully submitted this 21st day of January 2011.

JOHN W. VAUDREUIL
United States Attorney

By: /s/

TIMOTHY M. O'SHEA
Assistant United States Attorney